IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| John Moglia, | ) | C.A. No.: 2:17-cv-00178-TMC-MGB |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Warden FCI Williamsburg, | ) | |
| Respondent. | ) | |

The Petitioner brought this action seeking relief pursuant to Title 28, United States Code, Section 2241. On March 29, 2017, Respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Dkt. No. 12.) By Order of this Court filed March 30, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the dismissal and summary judgment procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 13.) Despite the explanation in the *Roseboro* Order, the Petitioner did not respond.

As the Petitioner is proceeding *pro se*, the Court filed an Order on May 5, 2017, giving Petitioner through May 25, 2017, to file his response to the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (Dkt. No. 15.) The Petitioner was specifically advised that if he failed to respond, this action would be dismissed with prejudice for failure to prosecute. The Petitioner did not respond.

Based on the foregoing, it appears the Petitioner no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th

1

Cir.1982).[1] *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

    IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 6, 2017
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[1]The Clerk is directed to mail a copy of (a) the instant Report and Recommendation, (b) the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Dkt. No. 12; Dkt. No. 12-1; Dkt. No. 12-2; Dkt. No. 12-3; Dkt. No. 12-4), and (c) a blank Name and Address Update Form, to Petitioner at his address of record as well as the address below.
    John Moglia
    68659-053
    FCI Edgefield
    Federal Correctional Institution
    P.O. Box 725
    Edgefield, SC 29824

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).